IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    CASE NO. 5:08-cr-00018-RS-AK

DAVRON D. DADAMURATOV,

      Defendant.

_____/

## O R D E R

I. Background

      Before me is Defendant's Amended Motion To Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Doc. 135). The motion arises from Defendant's conviction by jury verdict of knowingly and willfully infringing the copyrights of motion pictures, in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(a) and (b). Defendant was sentenced to 24 months imprisonment followed by three years of supervised release (Doc. 90). Defendant appealed and raised the following three grounds: (1) that the evidence was insufficient to sustain his conviction; (2) that the Court erred in denying him a new trial because a transcript of Defendant's interview with a law enforcement officer was admitted into evidence, after the original recording of the interview had been destroyed; and (3) that the Court erred in denying him a new trial because of the Court's refusal to allow defense counsel to play the entire recording of a witness's interview with law enforcement. The Eleventh Circuit affirmed Defendant's conviction on July 28, 2009. (Doc. 129).

The present motion was timely filed on February 1, 2010.[1]  In the motion, Defendant raises one ground for relief: that he was denied his Sixth Amendment right to a fair and impartial jury because the community was exposed to inflammatory media accounts about his case.  (Doc. 135).

II.  Discussion

Collateral review is not a substitute for direct appeal.  The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A movant is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir.2004); *United States v. Phillips,* 225 F.3d 1198,1199 (11th Cir.2000); *United States v. Walker,* 198 F.3d 811, 813 n. 5 (11th Cir.1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.' " *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir.2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier,* 477 U.S. 478, 496, (1986), provides that it must be shown that the alleged constitutional violation "has

---

[1]Defendant initially filed his claim as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but the petition was recharacterized as a § 2255 motion and filed in Defendant's criminal case. *See* Doc. 132.  Because the motion was not on the proper form, the Court directed Defendant to file an amended motion utilizing the Court's form.  (Doc. 134).  Defendant filed an amended motion, but contrary to the Court's order, did not utilize the Court's form.  Defendant was warned that failure to comply with the order to amend on the form could result in the dismissal of the motion.  (Doc. 134).  Defendant's noncompliance with the Court's order provides an additional ground for dismissal of his amended motion.

probably resulted in the conviction of one who is actually innocent[.]"

The issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and are considered procedurally barred. *Lynn,* 365 F.3d at 1234-35; *Bousley v. United States,* 523 U.S. 614, 621 (1998); *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir.1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady,* 456 U.S. 152, 165, (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 523 U.S. at 622-23 (citations omitted). To show cause to avoid procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn,* 365 F.3d at 1235.

It is clear that the sole ground for relief asserted in the Plaintiff's motion was not raised on direct appeal, *see* Doc. 129, and a claim of constitutional error in jury selection plainly would have been available on direct appeal, if properly preserved at trial. Thus, Defendant's claim is procedurally barred absent a showing of cause for not raising the ground on appeal and actual prejudice because of the alleged error. Even if liberally construed, Defendant's motion asserts no facts or argument suggesting that there is any cause to avoid the procedural default. *See* Doc. 135. Accordingly, I find that the sole claim asserted in Defendant's motion is procedurally barred and foreclosed from review by a § 2255 motion.

Pursuant to § 2255 Rule 4(b), "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," and it is unnecessary to direct the Government to file a response.

IT IS ORDERED that Plaintiff's Amended Motion To Vacate, Set Aside, Or Correct Sentence (Doc. 135) is **DISMISSED.**

III.  Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84, (2000) (explaining how to satisfy this showing) (citation omitted). A certificate of appealability is **DENIED**.

**ORDERED** on April 28, 2010.

/S/ Richard Smoak_____
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**